UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

**BRENDAN KELLY,**

    **Plaintiff,**

**v.**                                                               **CIVIL ACTION NO. 15-CV-00234-JL**

**LIBERTY INSURANCE CORPORATION**
**D/B/A LIBERTY MUTUAL,**

    **Defendant**

_____

**Plaintiff Brendan Kelly's Objection**
**to Defendant's Motion to Stay Discovery**

Now comes plaintiff Brendan Kelly, through his attorney Robert A. Stein, Esq., and objects to the defendant's motion to stay discovery. In support of this objection, the plaintiff states:

    1.    In this declaratory judgment action to determine whether Liberty owes insurance coverage to the plaintiff, Liberty's denial of coverage rests on its claim that the named insured on the policy, plaintiff's employer Plum Creek Timber, rejected UM coverage.

    2.    As required under Federal Rule of Civil Procedure 26(f), the parties conferred and agreed on a proposed discovery plan which they filed on September 11, 2015.

    3.    Also on September 11, 2015 Liberty filed a motion for judgment on the pleadings. As set forth fully in Kelly's objection to the motion and memorandum of law, Liberty's motion for judgment on the pleading rests entirely on matters which are outside of the pleadings. Specifically, with its motion Liberty has introduced a purported UM coverage rejection form, the affidavit of Nancy D. Adams, and additional unsupported facts alleged in its memorandum about

the execution of the form.

4. Although a request to stay discovery pending the resolution of a motion for judgment on the pleadings would ordinarily be a reasonable one, here it is not reasonable because Liberty knows that its motion rests entirely on disputed factual matters outside of the pleadings.

5. Where Liberty has injected extra-pleading, disputed factual matters into its motion for judgment on the pleadings, Rule 12(d) gives the Court only two options: it may exclude the extra-pleading matters and deny the motion, or it may convert the motion to a Rule 56 motion for summary judgment but must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion."

6. Under either result, discovery would go forward.

7. In order to keep the case moving forward, and in light of Liberty's reliance on the purported rejection form, Kelly served requests for production of documents on Liberty on September 14, 2015. Liberty wrongly claims that the requests seek discovery that is irrelevant. To the contrary, the discovery requests are tailored to discover information that is directly relevant to the insurance policy at issue, Liberty's denial of coverage, the purported UM rejection form, and Liberty's practices and policies about UM coverage. For example, the requests seek discovery of communications between Liberty and anyone else about Plum Creek's coverage, the underwriting file for Plum Creek, Liberty's UM coverage forms and endorsements, procedures and training materials regarding the rejection of UM coverage, the drafting history on the specific policy provisions on which Liberty relies, and the like.

8. In effect, Liberty wants this Court to accept unsupported, disputed factual matters outside of the pleadings, and at the same time wants to preclude Kelly from obtaining timely

discovery on those same matters.

  9.  Such a result would not be fair.  As a result, Liberty's motion should be denied.

WHEREFORE, plaintiff Brendan Kelly respectfully requests that this Court:

  A.  Deny the motion to stay discovery;

  B.  Order that Liberty must respond to the pending discovery requests within the time provided by Rule 34; and

  C.  Grant such other and further relief as may be just.

            Respectfully submitted,
            Brendan Kelly
            By his attorneys,
            The Stein Law Firm, PLLC

Date:  September 30, 2015    /s/: <u>Robert A. Stein</u>
            (NH Bar #2438)
            P.O. Box 2159
            Concord NH 03302-2159
            (603) 228-1109
            rstein@steinlawpllc.com