## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**BRENDAN KELLY,**

    **Plaintiff,**

**v.**                                                        **CIVIL ACTION NO. 15-CV-00234-JL**

**LIBERTY INSURANCE CORPORATION**
**D/B/A  LIBERTY MUTUAL,**

    **Defendant.**

### PROPOSED PROCEDURAL PLAN OF
### LIBERTY MUTUAL INSURANCE COMPANY
### PURSUANT TO THE COURT'S MARCH 28, 2017 ORDER ON
### THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

Pursuant to the Court's Order of March 28, 2017, the parties have conferred but are unable to reach agreement as to a Procedural Plan providing for the scope and timing of remaining discovery in this action.  Defendant Liberty Mutual Insurance Company ("Liberty") respectfully requests that the Court permit the parties to complete discovery in this action in the full manner permitted by the Federal Rules of Civil Procedure and the District of New Hampshire Local Rules.

To date, Liberty's ability to take discovery has been limited by the Court's order suspending discovery pending resolution of the parties' Cross-Motions for Summary Judgment. To ensure that any further proceedings in this matter are based on a complete discovery record, Liberty hereby respectfully requests that it now be permitted to complete discovery by taking the deposition of the Plaintiff and other witnesses necessary to enable Liberty to defend its case and

carry its burden as to the issues that remain in dispute.[1/]

Liberty further requests that following the close of discovery, the parties be permitted, with the benefit of a complete discovery record, to file Motions for Summary Judgment as to the issues that remain unresolved in this case.  Liberty believes that summary judgment briefing, based on a full and complete discovery record, will be the most efficient and economical way to resolve the outstanding issues.  In further support of its requests, Liberty states as follows:

1.      On September 11, 2015, Liberty moved for Judgment on the Pleadings (ECF #11) and on September 29, 2015, Liberty moved to stay discovery pending resolution of its Motion for Judgment on the Pleadings (ECF #16).   By Order dated November 9, 2015, the Court denied Liberty's Motion for Judgment on the Pleadings and its Motion to Stay Discovery (ECF #22).

2.      The Court permitted the Plaintiff to take limited discovery from Liberty relating to documents contained the underwriting files for the umbrella policies issued to the insured, Plum Creek Timber Company ("Plum Creek") and documents relating to the regulatory approval process of Liberty's policy forms by the New Hampshire Department of Insurance.  The Court then set the close of fact discovery for May 1, 2016 (ECF #22).

3.      Liberty thereafter responded to Plaintiff's First Request for Production of Documents and produced over 1,000 pages of documents while also objecting to certain requests on the basis that the case could be resolved as a matter of law without further production of documents by Liberty.

4.      A dispute thereafter arose between the parties with respect to the above-described

---

[1/]        At the present time, Liberty expects to seek the depositions of current or former employees of Plum Creek, Lisa Duetsch, Kent Jones and David Brown as well as other witnesses identified through this testimony.  Liberty further expects to seek the deposition of Plum Creek's insurance broker as well as the deposition of the Plaintiff Brendan Kelly. It is Liberty's position that Mr. Kelly is likely to have information pertinent to the question of Lisa Duetsch's apparent authority based in part on the representations made by plaintiff's counsel at the summary judgment hearing regarding what Mr. Kelly knew and did not know of Plum Creek's insurance coverage.

discovery, and the Court convened a telephone conference on April 20, 2016.  During that call, the Court suspended discovery and ordered the parties to file Cross-Motions for Summary Judgment based upon the discovery record to date (Minute Entry dated April 20, 2016).

5.      On August 15, 2016, following receipt of the parties' summary judgment filings, the Court convened a telephone conference with the parties and referenced a footnote from the Plaintiff's Objection to Liberty's Motion for Summary Judgment, which stated that "The plaintiff sought discovery from Liberty, including the deposition of Lisa Duetsch, on the material issue of whether the decision to reject UM coverage was made and the form was signed by someone authorized to do so for Plum Creek. This Court stayed that discovery and the plaintiff has been prevented from developing any evidence on that issue." (ECF #33).

6.      Following the telephone conference, the Court permitted Liberty to submit affidavits of Plum Creek employees Kent Jones and Lisa Duetsch based upon which the Plaintiff would be permitted to decide whether he wished to take the deposition of either or both of these witnesses.  (ECF #35)

7.      Liberty thereafter filed a Supplementary Affidavit in support of its Motion for Summary Judgment, which contained a Supplementary Declaration of Lisa Duetsch and an Affidavit of Kent Jones, Ms. Duetsch's supervisor. (ECF #37).

8.      In order to determine whether these depositions were necessary, Plaintiff requested that Mr. Jones and Ms. Duetsch provide written responses to certain questions and requests for documents.  On November 28, 2016 and November 29, 2016, Plaintiff was provided with written responses to those questions.  Upon receipt of these additional materials, Plaintiff elected not to take any further depositions, and the parties submitted supplemental summary judgment briefing on the issue of Lisa Duetsch's authority.  (ECF #39-41).

9.     On March 28, 2017, following oral argument on the parties' summary judgment motions, the Court denied the Plaintiff's Motion for Summary Judgment in full.  The Court granted Liberty's Motion for Summary Judgment "insofar as plaintiff's claims are based on RSA 264:15 and/or the language of the relevant insurance policy" and denied the defendant's Motion insofar as plaintiff's claims are based on "the actual or apparent authority of Ms. Duetsch to reject coverage." (Minute Entry dated March 28, 2017).  The Court further directed counsel for the parties to notify the Court of their procedural plan going forward on or before April 17, 2017.  Thereafter, the parties conferred but were unable to reach agreement on a procedural plan.

**WHEREFORE,** Liberty respectfully requests the following relief:

a.     That the Court permit Liberty to take the deposition of the plaintiff and any other witnesses necessary to sustain its burden on the issues that remain unresolved by the Court's Order dated March 28, 2017 and that the depositions be permitted pursuant to the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the District of New Hampshire;

b.     That the Court thereafter permit the parties to move for Summary Judgment on a full discovery record following the conclusion of the above-described discovery; and

c.     That the Court set a status conference regarding the procedural plan moving forward in this matter.

Respectfully submitted,

**LIBERTY INSURANCE CORPORATION**
By its attorneys,

*/s/ Lavinia M. Weizel*
Nancy D. Adams, Esq. (admitted *pro hac vice*)
Lavinia M. Weizel, Esq. (NH Bar #265351)
Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, PC
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Fax: (617) 542-2241
nadams@mintz.com

John B. Schulte, Esquire (NH Bar #9376)
Law Offices of John B. Schulte
Two Bedford Farms Drive, Suite 202
Bedford, NH 03110
Telephone: (603) 623-8413
Fax: (603) 623-8517
Johnb.schulte@libertymutual.com

Dated: April 17, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2017, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the parties.

*/s/ Lavinia M. Weizel*

68488714v.1

5