UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

*******************************
Brendan Kelly,              *
  Plaintiff                  *
                              *
v.                          *       Civil Action No: 1:15-cv-234-JL
                              *
Liberty Insurance Corporation  *
d/b/a Liberty Mutual,       *
  Defendant                  *
*******************************

## BRENDAN KELLY'S OBJECTION TO
## LIBERTY INSURANCE CORPORATION'S
## "PROPOSED PROCEDURAL PLAN PURSUANT TO THE COURT'S
## MARCH 28, 2017 ORDER"

NOW COMES plaintiff Brendan Kelly, by and through his attorney Robert A. Stein, Esquire, and objects to the Procedural Plan submitted by defendant Liberty Insurance Corporation.

In support of this Objection, the plaintiff states:

1.   The discovery Liberty proposes is disproportionate to the issue at stake, is unnecessary, and would unfairly reopen long-closed discovery.

2.   Through its "proposed procedural plan," Liberty is proposing to yet again fill a gap in its own factual proof, a gap which Liberty itself created and which Liberty has failed to fill despite numerous opportunities to do so.

3.   Liberty has already had <u>three</u> separate opportunities to meet its burden and to prove that the claimed UM rejection form was an authorized act of a Plum Creek agent, and to present evidence to the Court to satisfy its burden on that fact question.

1

4.  First, Liberty could have, and should have, submitted evidence of Lisa Duetsch's authority to reject UM coverage with its May 20, 2016 motion for summary judgment, which relied on the rejection form signed by Ms. Duetsch.

5.  Second, after the plaintiff challenged the fact question of Ms. Duetsch's authority and countered that the issue remained in dispute and precluded summary judgment for Liberty, the Court gave Liberty the opportunity to supplement its summary judgment record on that limited issue, even pointing Liberty directly to the applicable standard under New Hampshire law.

6.  Third, and finally, on October 3, 2016, Liberty filed supplementary affidavits from Lisa Duetsch and Kent Jones. After the plaintiff replied to Liberty's pleading and again pointed out Liberty's failure to satisfy the proof required under New Hampshire law, on December 16, 2016 Liberty submitted "second supplementary" declarations from Lisa Duetsch and Kent Jones, along with other evidence.

7.  <u>Even with three bites at the same apple</u>, the Court noted at the hearing on March 24, 2017 that Liberty has still not met its burden of proof on the agency issue.

8.  Liberty now seeks to conduct <u>discovery depositions</u> of "current or former employees of Plum Creek, Lisa Duetsch, Kent Jones and David Brown, as well as other witnesses identified through testimony. Liberty further expects to seek the deposition of Plum Creek's insurance broker as well as the deposition of the Plaintiff Brendan Kelly." See Liberty's Proposed Procedural Plan, fn. 1.

9.  Under the Court's November 10, 2015 order, discovery closed on May 1, 2016.

10. It is too little, too late for Liberty to depose plaintiff, Brendan Kelly, who resides in Oregon.  This action was commenced in June, 2015. In the 11 months of discovery allowed by

the Court, Liberty never asked for the plaintiff's deposition. Even after discovery closed, and when the Court allowed limited discovery on the agency issue, Liberty never asked for the plaintiff's deposition. To the extent that Liberty now claims that it wants to discover "what Mr. Kelly knew and did not know of Plum Creek's insurance coverage" (See Liberty's Proposed Procedural Plan, fn. 1), Liberty could have and should have conducted that discovery long before now. It elected not to do so. Liberty's failure to properly prepare its case does not justify ignoring the Court's discovery schedule. Liberty's proposal would also prejudice the plaintiff by forcing him to expend substantial resources unnecessarily.

11. Additionally, based on the Court's March 28, 2017 order granting in part and denying in part Liberty's motion for summary judgment, the only issue remaining is "the actual or apparent authority of Ms. Duetsch to reject coverage." Brendan Kelly has no knowledge or information of the relationship between Lisa Duetsch and Plum Creek, or her authority or lack thereof to reject UM coverage on Plum Creek's behalf.

12. With respect to that remaining authority issue, Liberty has had more than adequate time to discover and develop its evidence. As is apparent from Liberty's ability to obtain three (3) separate affidavits from Plum Creek employees Lisa Duetsch and Kent Jones, those witnesses are fully available to Liberty. Liberty has obviously communicated numerous times with these witnesses, and knows what they will say. Liberty has no legitimate need for formal discovery depositions of Lisa Duetsch or Kent Jones prior to trial, and can readily produce them at trial or by video deposition for reproduction at trial.

13. Indeed, the parties' stipulation dated August 19, 2016 (approved by order dated August 22, 2016) left open the possibility for depositions of Lisa Duetsch and Kent Jones shortly after Liberty filed those witnesses' first supplemental affidavits. The plaintiff elected not to

depose the witnesses. Notably, Liberty <u>could have, but chose not to, depose those witnesses,</u> as well.

14. Liberty has had more than adequate time and opportunity to investigate and develop evidence from other Plum Creek employees, former employees, and Plum Creek's insurance broker. These individuals have been known to Liberty since the case started, and their information has been available to Liberty from the beginning. Liberty's lack of diligence in preparing its own case is not a reason to reopen discovery, delay trial, and embark on depositions around the United States. Any claim of prejudice for failure to create a "full record" is of Liberty's own making.

15. Given the Court's intent to hold a trial on the agency issue, plaintiff's counsel proposed to Liberty that they try the issue on offers of proof in order to save time and expense for both parties. Liberty has rejected that suggestion.

16. Federal Rule of Civil Procedure Rule 26(b) (1) provides that discovery should be proportional to the needs of the case. Here, the discovery proposed by Liberty, involving at least four (4) identified witnesses to whom Liberty already has independent access, and other potential unidentified witnesses, in multiple states outside of New Hampshire, is not proportional to the narrow issue remaining in the case and should be precluded.

17. In an effort to accommodate Liberty, the plaintiff proposed that certain witnesses' testimony be taken by remote means pursuant to Rule 30(b) (4) in order to save time, avoid unnecessary travel, and reduce expense to the parties. Liberty has also rejected that suggestion.

18. Liberty is aware that the plaintiff disagrees with the Court's decision on legal issues involving the interpretation of R.S.A. 264:15 and Liberty's obligation to provide a

insurance policy that fully and fairly notified insureds if UM coverage had been rejected. Liberty is aware that the plaintiff cannot appeal that decision until the narrow fact issue of authority is resolved and this Court has issued a final judgment.

19. Liberty's 11th-hour need to travel to Oregon, Washington, New York, and multiple out-of-state locations for discovery depositions of witnesses to whom Liberty has had direct access long after discovery has closed is not only unwarranted, but does not appear to be based in good faith.

20. Liberty has rejected reasonable proposals to accommodate its claimed "discovery" need with minimal delay and expense. Instead, Liberty's proposal is designed primarily to discourage the plaintiff's prosecution of his case by seeking disproportionate and unnecessary discovery by causing unnecessary delay and by needlessly increasing the plaintiff's cost of litigation.

21. Liberty's Proposed Procedural Plan is, therefore, unnecessary, is contrary to this Court's prior orders, is inconsistent with the federal discovery rules, and is unfair to the plaintiff.

22. The plaintiff is ready for trial and wishes to proceed as promptly as possible.

WHEREFORE, plaintiff Brendan Kelly respectfully respects that the Court:

a. Reject Liberty's Proposed Procedural Plan;

b. Affirm its prior order that discovery is closed, and rule that Liberty may not now take any discovery depositions including that of the plaintiff Brendan Kelly;

c. Rule that, if Liberty wishes to videotape testimony for reproduction at trial, it may do so at its own expense and that plaintiff's counsel shall be permitted to participate by telephone or other remote means as contemplated by Rules 28(a), 37(a)(b)(2) and 37(b)(1); and

d. Grant such other and further relief as may be just.

                Respectfully submitted,
                Brendan Kelly
                By his attorneys,
                THE STEIN LAW FIRM, PLLC

Dated: April 20, 2017        By: /s/ Robert A. Stein
                Robert A. Stein
                Bar ID #2438
                One Barberry Lane
                Concord NH 03301
                603 228 1109

State of New Hampshire
Merrimack, ss.

    I hereby certify that I have this 20th day of April 2017 forwarded a copy of the within pleading via email and regular mail to Nancy Adams, Esq., Lavinia Weitzel, Esq., John B. Schulte, Esq., and Diane L. Perin, Esq.

                /s/ Robert A. Stein