# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

BRENDAN KELLY,

     Plaintiff,

v.

LIBERTY INSURANCE CORPORATION ,

     Defendant.

CIVIL ACTION NO. 15-CV-00234-JL

## STATUS REPORT OF LIBERTY INSURANCE CORPORATION
## AS TO UNRESOLVED PROCEDURAL ISSUES

Pursuant to the Court's Order of May 31, 2017, Defendant Liberty Insurance Corporation ("Liberty") hereby submits the following status report as to unresolved procedural issues pertaining to the Court's Order of April 25, 2017 approving in part and denying in part the Proposed Discovery Plan submitted by Liberty on April 17, 2017.

     1.     To date, the parties are working together to schedule the depositions of the witnesses identified in the Court's April 25, 2017 Order. Liberty expects that the scheduling will be complete by next week and that, based upon everyone's availability, the depositions will take place in July or early August 2017.  Liberty is also in the process of locating suitable facilities in each of the cities where the witnesses are located to enable remote participation for Plaintiff in each of these depositions.[1]

---

[1]      To the extent Plaintiff suggests that Liberty is refusing to provide the addresses of the third-party witnesses, Jones' and Duetsch's respective addresses are contained in declarations previously filed in this action. *See* ECF #39-2, and #39-3.  The contact information of Plum Creek's broker is contained in documents produced to Plaintiff in the matter.  In addition, Liberty informed Plaintiff by telephone of the present location of each of the four witnesses.

2.     One area of disagreement has arisen between the parties regarding the portion of the Court's Order dated April 25, 2017, which states "[t]hese depositions shall be conducted remotely, in accordance with Fed. R. Civ. P. 30(b)(4)."[2]

3.     Liberty intends to take the witnesses' depositions in person while also facilitating remote participation for Plaintiff.  Plaintiff has objected, pointing to the Court's April 25, 2017 Order as prohibiting Liberty from attending and taking these depositions in person.

4.     Liberty does not construe the Court's Order as prohibiting Liberty from electing to send its own counsel, at its own expense, to take the depositions of these critical witnesses in person; nor does Liberty construe the Court's Order as preventing the Plaintiff from attending the depositions in person should he choose to do so.   Rather, Liberty construes the Court's Order to require Liberty, as the party noticing the depositions, to ensure that participation is made possible by remote means, and Liberty is prepared to take all necessary steps to enable such remote participation.

5.     Plaintiff's proposed interpretation of this Court's Order as requiring both parties to participate in depositions remotely runs counter to the decisions of multiple other federal district courts construing Federal Rule of Civil Procedure 30(b)(4) and its predecessor, Rule 30(b)(7).  Federal district courts have routinely allowed remote depositions where, as here, counsel for one party chooses to attend a deposition by remote means while counsel for another party attends in person.  *See, e.g.*, *Cressler v. Neuenschwander*, 170 F.R.D. 20, 22 (D. Kan. 1996) ("best solution" in similar case was to "to grant the plaintiff's motion for an order allowing the taking of the depositions . . . by telephonic means, but to deny the plaintiff's request that the court order that neither plaintiff's counsel nor defense counsel attend the depositions in person"

---

[2]     A second potential area of disagreement is Plaintiff's recent suggestion in correspondence with Liberty that Liberty is required to pay for Plaintiff's copy of each of the deposition transcripts.  There is no basis for Plaintiff's suggestion – in the Federal Rules of Civil Procedure or otherwise.

where "plaintiff has provided the court with no authority, and the court has located none, which would restrain the defendant from being present during these depositions"); *see also Edgar v. Deere & Co.*, Civil Action No. 3:00-CV-2729-D, 2002 U.S. Dist. LEXIS 28756, at *4-5 (N.D. Tex. Apr. 9, 2002) (approving arrangement whereby one party's counsel asked questions in person and the other party's counsel asked questions by telephone and stating that method of examination presented "no apparent prejudice or disadvantage to either side"); *Roth Grading, Inc. v. Testa Corp.*, No. 8:04CV632, 2006 U.S. Dist. LEXIS 20956, at *9 (D. Neb. Apr. 17, 2006) (similar).

6.     It bears emphasis that the rationale of the decisions by these courts has been not only to reduce costs but also to prevent potential prejudice to the party seeking to appear in person.  To be sure, prejudice would arise for Liberty should it be precluded from taking these depositions in person.  This Court has ruled that Liberty bears the burden to prove the sole remaining factual issue in the case.  Liberty should be permitted to utilize the procedures available to it under the Federal Rules of Civil Procedure to take, in person, the depositions of these essential fact witnesses.  As one leading commentator has observed in contemplating a similar situation, "[i]f another party finds a telephone deposition inadequate, nothing—absent a court order—bars that party from attending in person or videotaping the witness's testimony, either of which would presumably ameliorate, if not cure, any potential prejudice." 7-30 Moore's Federal Practice - Civil § 30.24 (2017).

7.     Here, Plaintiff has filed suit against Liberty seeking a declaration that, under the relevant insurance policy, it is entitled to certain underinsured motorist benefits.  As Liberty has consistently maintained, the relevant insurance policy does not afford coverage to the Plaintiff because the named insured, Plum Creek Timber Company, Inc. ("Plum Creek"), rejected

underinsured motorist ("UM") coverage as permitted by New Hampshire statute. N.H. Rev. Stat. § 264:15(I).   Nevertheless, and despite the absence of any evidence to support his position,[3/] Plaintiff alleges that Plum Creek's Director of Accounting – Shared Services, Manufacturing and Risk Management (Kent Jones) and Plum Creek's Manager, Risk & Insurance (Lisa Duetsch), lacked the requisite corporate authority to negotiate and purchase insurance on behalf of Plum Creek.  To provide further evidentiary support showing that the authority of Jones and Duetsch flowed directly from the corporate principal, Liberty plans to take the depositions of certain third-party witnesses to establish that Plum Creek effectively rejected UM coverage.  In that regard, Liberty – the defendant in this case – has elected to incur the costs associated with taking these third-party witness depositions in person and, as such, it should be permitted to do so. Indeed this is precisely the outcome other courts have found to be fair in similar circumstances. *See Edgar*, 2002 U.S. Dist. LEXIS 28756, at *4-5; *Roth Grading, Inc.*, 2006 U.S. Dist. LEXIS 20956, at *9; *Cressler*, 170 F.R.D. at 22.

8.    Here, consistent with this Court's order and as Liberty previously explained to Plaintiff, Liberty is fully prepared to provide remote participation in the depositions by videoconference to accommodate Plaintiff's decision not to attend the depositions in person. Indeed, given the anticipated testimony of the third-party witnesses, which Liberty expects will further support its position, it is not surprising that Plaintiff has elected not to incur the costs associated with attending the depositions in person.  The Plaintiff's decision does not, however,

---

[3/]    In connection with the parties' cross-motions for summary judgment, Liberty submitted a total of five declarations, three from Lisa Duetsch, Plum Creek's Manager, Risk & Insurance, and two from her supervisor Kent Jones, Director of Accounting – Shared Services, Manufacturing and Risk Management, attesting to the authenticity of the rejection form in issue and the source of their authority to negotiate and purchase insurance coverage on behalf of Plum Creek. *See* ECF #30-3, #37-1, #37-2, #39-2, #39-3.  The most recent of each of these (ECF #39-2, #39-3) was drafted in response to written questions from the Plaintiff.  When pressed at the hearing on summary judgment, Plaintiff admitted that he was unaware of any evidence, admissible or otherwise, to refute this evidence of valid authority.

serve as a basis to prohibit Liberty from taking the depositions of these third-party witnesses in the manner it elects.

9.      Precluding Liberty from attending and taking these depositions in person would be unduly prejudicial to Liberty for another reason as well.  Each of the  third-party witnesses named in the Court's April 25, 2017 Order resides more than 100 miles from this Court, and these witnesses will likely be considered "unavailable" for purposes of trial.  *See* Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial . . . only . . . within 100 miles of where the person resides, is employed or regularly transacts business in person").  Thus, requiring Liberty to take the depositions by remote means even further prejudices Liberty.

10.      Accordingly, Liberty respectfully requests that the Court reject Plaintiff's attempt to prohibit Liberty from taking the depositions of the third-party witnesses in person where Liberty has agreed, consistent with this Court's April 25, 2017 Order and Rule 30(b)(4), to facilitate Plaintiff's attendance by remote means.

Respectfully submitted,

**LIBERTY INSURANCE CORPORATION**
By its attorneys,


*/s/ Lavinia M. Weizel*
Nancy D. Adams, Esq. (admitted *pro hac vice*)
Lavinia M. Weizel, Esq. (NH Bar #265351)
Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, PC
One Financial Center
Boston, MA 02111
Telephone:  (617) 542-6000
Fax: (617) 542-2241
nadams@mintz.com


John B. Schulte, Esquire (NH Bar #9376)
Law Offices of John B. Schulte
Two Bedford Farms Drive, Suite 202
Bedford, NH 03110
Telephone:  (603) 623-8413
Fax:  (603) 623-8517
Johnb.schulte@libertymutual.com



Dated:  June 9, 2017


## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2017, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the parties.

*/s/       Lavinia M. Weizel*


69551781v.1

6