

**The Stein Law Firm** PLLC

Robert A. Stein
Diane L. Perin
Christine M. Hanisco

July 24, 2017

Chief Judge Joseph N. LaPlante
c/o Charli Pappas, Deputy Clerk
U.S. District Court for the District of New Hampshire
55 Pleasant Street
Concord NH 03301-3941

Re:     Brendan Kelly v. Liberty Insurance Corporation
        Docket # 15-cv-234-JL

Dear Judge LaPlante,

I am writing to ask informally for your judgment on three (3) issues on which opposing counsel and I are unable to reach agreement.

 All of these issues involve the mechanics of four (4) "depositions"[1] of witnesses requested by the defendant on the issue of whether a rejection of UM coverage was executed with appropriate authority from the corporate principal, Plum Creek Timber Company. You will recall that when the factual authority issue remained unresolved after the defendant submitted supplemental exhibits to its motion for summary judgment, the plaintiff was given the opportunity to depose Plum Creek witnesses. The plaintiff determined that he did not need that discovery, in part to avoid that expense for his client, and declined the opportunity to depose anyone on the authority issue. The defendant then decided that it wanted depositions of the non-party witnesses from whom it has previously submitted affidavits, former Plum Creek employees Lisa Duetsch and Kent Jones, as well as the insurance broker's representative Michael Day, and a Plum Creek vice president, David Brown.

In your June 20, 2017 order, you indicated that counsel for the parties could attend the depositions in person or remotely, as they chose. Since your order was issued, Liberty's counsel have arranged for two (2) of the depositions in a Seattle videoconference center, one (1) deposition in Bozeman, Montana, and one (1) deposition in Kalispell, Montana (on August 2, 3, 15, and 17, respectively) where defense counsel Nancy Adams will be present in person, and video-streamed to Avicore Reporting in Manchester, New Hampshire where I will attend for the plaintiff.

One Barberry Lane
Concord, NH 03301
Tel: 603-228-1109
Fax: 603-228-5326

www.steinlawpllc.com

---

[1] It remains unclear if these "noticed" depositions are discovery depositions only, or are video trial depositions, and Liberty has not clarified which.

The three (3) issues on which counsel disagree all involve the responsibility for costs for different aspects of these depositions (and, in my opinion, reveal Liberty's desire to use its economic leverage over the plaintiff):

1.  Defense counsel has asserted that because these depositions are not depositions of the plaintiff, the defendant need not pay for or provide a free copy of any transcript to the plaintiff. Indeed, the defendant asserts that if the plaintiff wants a transcript, he must pay for it himself. I have advised defense counsel of long-standing local New Hampshire practice which, in my experience, has always been that the party requesting the deposition is responsible for paying for its costs, including the cost of providing a transcript to the opposing parties. It is my view that having asked for these depositions, it is the defendant's obligation to provide copies of transcripts at its expense to the plaintiff.

2.  Similarly, the defendant takes the position that the plaintiff must bear the costs of using the New Hampshire videoconference center, which will permit him to participate in the depositions remotely. It is my view that, following that same long local practice, because these are the defendant's depositions, it must pay the costs of providing that video stream so plaintiff can participate.

3.  Defense counsel have indicated that they intend to mark and use exhibits at the depositions. Defense counsel has not provided the exhibits to plaintiff. Further, Liberty requires that the plaintiff must have a computer available at the New Hampshire videoconference center so that the defense can show an exhibit to a witness and contemporaneously email the exhibit to me in New Hampshire. I cannot easily arrange to have a computer and printer available for that purpose without substantial additional cost to the plaintiff, which expense the defense refuses to pay. I have asked defense counsel to simply provide me with copies of the exhibits ahead of time, via email to me at my office, so that there is no need for further exhibit transmission during the depositions. They have declined. Given that the exhibits are likely to be documents already provided in discovery, or documents which should have already been automatically disclosed under FRCP 26, asking defense counsel to make the deposition process simple and provide advance copies of exhibits seems entirely reasonable. What seems to be an easy matter of providing documents to me before the depositions has become another impasse.

Your advice on these issues, whether via a telephonic status conference or an order, would be most helpful.

Sincerely yours,

Robert A. Stein

RAS/tm

**VIA E-FILE AND REGULAR MAIL**

cc:     Nancy Adams, Esq.
        Lavina Weizel, Esq.
        John B. Schulte, Esq.

court 010