UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BRENDAN KELLY,<br><br>      Plaintiff,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO. 15-CV-00234-JL |

### LIBERTY INSURANCE CORPORATION'S
### LOCAL RULE 16.2 FINAL PRETRIAL STATEMENT

Pursuant to Local Rule 16.2, Federal Rule of Civil Procedure 26(a)(3) and the Court's Orders dated September 29, 2017 and December 29, 2017, Defendant Liberty Insurance Corporation ("Liberty") hereby submits this Final Pretrial Statement.

1. **Brief Statement of the Case Assented to by All Parties**

This case arises out of a declaratory judgment action filed by the Plaintiff, Brendan Kelly seeking a "declaration of insurance coverage related to a December 10, 2013 automobile collision which took place in Columbia, New Hampshire, and which took place in the course of [Mr. Kelly's] employment by Plum Creek Timber Company, Inc. ("Plum Creek")." (Plaintiff's Complaint, ECF 1, p. 8).  Liberty issued a Commercial Umbrella Policy to Plum Creek Timber Company, with an effective date of June 1, 2013 to June 1, 2014 ("the Liberty Umbrella Policy").  The Plaintiff claims that he "is entitled to a declaration that he is covered under the Liberty [Umbrella Policy] for excess uninsured motorist coverage with limits of $5 million." (ECF #1, at 8).  Liberty maintains that the Liberty Umbrella Policy does not provide coverage for

1

Plaintiff's claim.

On March 23, 2016, in ruling on the parties' cross-motions for summary judgment, this Court ordered, in relevant part: "The motion for summary judgment is granted on the defendant's motion that the statute does not require that a rejection of UM coverage be attached to the policy as well as in writing. . . . The Court also grants summary judgment on the insurance policy based arguments advanced by the defendant. . . . Now, summary judgment is denied as to the issue of whether Ms. Duetsch had authority to decline UM coverage. That order is without prejudice to the parties' ability to either conduct another round of summary judgment practice on that issue or go to trial. It will be a bench trial because no jury trial is available under the law in this case or has been demanded by the plaintiff." (Transcript of Motion Hearing Before the Honorable Joseph N. LaPlante, dated March 23, 2017).

Accordingly, the sole factual issue now pending for a bench trial before this Court is whether Plum Creek employee Lisa Duetsch was authorized to reject uninsured/underinsured motorist coverage on behalf of Plum Creek.

2. **Name of Each Witness**
    a. Liberty may call Connie Cameron or Paulo Aguiar of Liberty. Counsel for Liberty will seek to confer with counsel for the Plaintiff regarding a short stipulation of facts to avoid having either of these witnesses testify at trial.

3. **Waiver of Claims or Defenses**
    a. Not applicable.

4. **List of Depositions That May Be Read into Evidence**
    a. The parties have reached an agreement that the depositions listed on the Joint Agreed-Upon Exhibit List filed January 22, 2018 will be submitted as part of the

stipulated trial record.

**5. List of All Exhibits to Be Offered at Trial**

    a. The parties have filed a Joint Agreed-Upon Exhibit List on January 22, 2018.

**6. Statement Regarding Use of JERS System**

    a. Not applicable.

**7. Itemized Statement of Special Damages**

    a. Not applicable.

**8. Statement of the Latest Demand and Offer and Parties Use of Alternative Dispute Resolution**

    a. As this case will not be tried to a jury, this information is not required by Local Rule 16.2 and is not applicable.

**9. Statement of a Claim for Attorneys' Fees, If Applicable**

    a. Not applicable.

**10. Requests for View Pursuant to Local Rule 39.3**

    a. Not applicable.

**11. Estimate of the Length of Trial**

    a. Liberty does not anticipate that the trial will require more than two hours.

Liberty hereby reserves its right to supplement or amend this Statement.

Respectfully submitted,

**LIBERTY INSURANCE CORPORATION**
By its attorneys,

*/s/ Lavinia Weizel*
Nancy D. Adams, Esq. (admitted *pro hac vice*)
Lavinia M. Weizel, Esq. (NH Bar #265351)
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Fax: (617) 542-2241
nadams@mintz.com

John B. Schulte, Esquire (NH Bar #9376)
Law Offices of John B. Schulte
Two Bedford Farms Drive, Suite 202
Bedford, NH 03110
Telephone: (603) 623-8413
Fax: (603) 623-8517
Johnb.schulte@libertymutual.com

Dated: January 22, 2018

### CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the parties.

*/s/ Lavinia Weizel*